IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Virgil Johnson,<br><br>          Petitioner,<br><br>vs.<br><br>J. Doer, Warden FCI Victorville Medium II,<br><br>          Respondent. | Civil Action No. 4:23-cv-2193-CMC<br><br>**ORDER** |

Petitioner Virgil Johnson, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Thomas E. Rogers, III, for pre-trial proceedings. On May 31, 2023, the Magistrate Judge filed a Report and Recommendation ("Report") recommending this matter be transferred to the United States District Court for the Central District of California. ECF No. 5 at 1–2. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 8. This matter is now ripe for decision.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## PROCEDURAL BACKGROUND

In 2012, Petitioner was charged in the District of South Carolina with (1) conspiracy to PWID cocaine, (2) conspiracy to commit Hobbs Act Robbery, (3) conspiracy to possess a firearm in furtherance of a drug trafficking crime and a crime of violence, (4) use of a firearm in furtherance of a drug trafficking crime and crime of violence, and (5) felon in possession. *See United States v. Johnson,* C/A No. 3:12-cr-00850-CMC (Nov. 11, 2012), ECF No. 318 at 1–2. He went to trial and was convicted on all counts. *Id.* at 2. At sentencing, he was classified as a career offender and was sentenced to 270 months. *Id.* at 3. Petitioner then appealed, and the Fourth Circuit affirmed his conviction. *Id.*

Following his direct appeal, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in 2015, which was denied. ECF Nos. 202 (Motion), 229 (Order). In 2016, he received permission to file a second § 2255 motion from the Fourth Circuit based on *Johnson v. United States*, 576 U.S. 591 (2015). ECF No. 245. His *Johnson* motion was filed in June 2016 (ECF No. 260), supplemented by the Federal Public Defender (ECF No. 267), and stayed for a then-pending Supreme Court case (ECF No. 277). After that case was decided, the court denied his second motion in 2018. ECF No. 318.

2

Petitioner filed the instant § 2241 petition on May 23, 2023. ECF No. 1. In it, he asserts that his petition "meets the three elements set forth in 'Jones' that must be present to satisfy the saving [sic] clause § 2255(e)." *Id.* at 1. On May 31, 2023, the Magistrate Judge entered the Report recommending transfer to the United States District Court for the Central District of California. ECF No. 5. Petitioner then filed objections to the Report. ECF No. 8.

## ANALYSIS

Petitioner brings this action pursuant to § 2241. Unlike a § 2255 motion, which is filed in the sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Here, the Report concludes that proper venue for the petition does not lie in the District of South Carolina. ECF No. 5 at 1. Accordingly, it recommends transfer of the petition to the United States District Court for the Central District of California, since it is the district of confinement. *Id.* Petitioner objects to the Report and "argues that the 4th Circuit Court of Appeals ruled in *United States v. Wheeler*, that 2255(e) was jurisdictional and because of that an inmate can challenge his detainment through 2241 at the court that sentenced him." ECF No. 8 at 1. The court has carefully reviewed the petition, the Report, and Petitioner's objections. In doing so, the court finds that this district is not the proper venue for consideration of the petition because it is not the district of confinement.

Initially, the court notes that Petitioner is correct that the Fourth Circuit held that § 2255(e) was jurisdictional and, should an inmate meet § 2255(e)'s savings clause, then he can collaterally attack his sentence through § 2241. *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). However, the jurisdictional issue in *Wheeler* is different than the one here. *Wheeler* concerned

subject matter jurisdiction. *Id.* ("A party is not permitted to waive subject matter jurisdiction . . . Therefore, our first task is to determine whether the requirements of the savings clause are jurisdictional.") (internal citations omitted)). Here, on the other hand, the issue is one of personal jurisdiction.

Petitioner was sentenced in the District of South Carolina. However, he is not incarcerated in this district. As noted in the Report, Petitioner is incarcerated at FCI Victorville Medium II. ECF No. 5 at 1; *see also Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 26, 2023). FCI Victorville is in Victorville California, and the facility and its warden are within the jurisdiction of the United States District Court for the Central District of California. *See FCI Victorville*, Federal Bureau of Prisons, https://www.bop.gov/locations/ institutions/vvm/ (last visited June 26, 2023). Thus, because Petitioner is located outside of this district, the question before the court is whether it has personal jurisdiction. More specifically, whether it has personal jurisdiction over the respondent warden of FCI Victorville.

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at

4

434–35 (quoting 28 U.S.C. § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted). Hence, "courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445. Accordingly, in order for this court to have personal jurisdiction, the petition must be filed in the district of confinement and name the proper respondent, *i.e.*, the warden of the facility of incarceration. *See Wilkerson v. Warden Williamsburg Fed. Corr. Inst.*, No. 1:18CV211, 2020 WL 760397, at *2 (N.D.W. Va. Feb. 14, 2020), *aff'd*, 830 F. App'x 108 (4th Cir. 2020)

Here, the petition does not state any basis for jurisdiction in this court. Petitioner is in the custody of the Bureau of Prisons in California. The respondent warden is also in California. Therefore, this court lacks jurisdiction to consider the petition because it does not have personal jurisdiction "upon the person who holds [the Petitioner] in what is alleged to be unlawful custody." *Braden*, 410 U.S. at 494–95. Accordingly, the court adopts the Report's recommendation to transfer the instant petition to the Central District of California because, as the district of confinement, it is where Petitioner and the warden of his facility are presently located.

5

**CONCLUSION**

In conclusion, because this court lacks jurisdiction over Petitioner's custodian, the respondent Warden of FCI Victorville, this court has no authority to consider his § 2241 petition. Accordingly, for the reasons stated by the Magistrate Judge, the Report, ECF No. 5, is adopted by reference and Petitioner's objections, ECF No. 8 are overruled. This action is transferred to the United States District Court for the Central District of California.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 28, 2023

---

[1] The pending motions (ECF Nos. 2, 7) are therefore rendered moot.